### A. J. REMMERT V. THE STATE.

No. 15539.   Delivered May 10, 1933.
Reported in 60 S. W. (2d) 233.

The opinion states the case.

*C. G. Krueger,* of Bellville, and *T. H. McGregor* and *Shelton & Shelton,* all of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for extortion; punishment, two years in the penitentiary.

Article 365, P. C., makes punishable the act of any person or officer authorized by law to demand or receive fees of office, who shall wilfully collect for himself or another (1) Any fee or fees not allowed by law; (2) Any money as a purported fee for a service or act not done; (3) Any fee or fees due him by law in excess of the fee or fees allowed by law for such services.

In the case before us, appellant is charged in the count of the indictment submitted to the jury with wilfully collecting "higher fees than allowed by law," this general statement being followed by specific averments in three separate paragraphs, of the collection of $48, "as and purporting to be," for arresting and conveying by private conveyance a certain prisoner, in one instance on June 10, 1929, in another on June 14, 1929, and still another on June 12, 1929, from Huntsville, Walker county, Texas, to Bellville, Austin county, Texas. These three paragraphs were followed by specific averments in each of two other paragraphs that appellant had collected $57 in each instance, one of date June 15, 1929, and the other June 10, 1929, "as and purporting to be," for traveling by private conveyance to and from the Ramsey State Farm in Brazoria county, Texas, and conveying upon each trip a prisoner to Bellville, Austin county, Texas.

These five paragraphs are followed by the averment that for these purported services a total of $258 was collected by appellant; whereas in truth and in fact—as the indictment states—appellant made only one trip from Bellville to Huntsville, and made this on June 11, 1929, and on that trip conveyed all five of the prisoners named at one and the same time, and in one and the same conveyance, from Huntsville to Bellville.

Attack was made on the indictment as being indefinite and uncertain; charging no offense, repugnant, etc. As we understand it, this indictment does not charge the collection of a higher fee or fees than allowed by law, for any service performed by appellant. It was not averred that he had performed a service in conveying prisoners on June 11, 1929, from Huntsville, Texas, to Bellville, Texas, for which he was allowed or entitled to collect or receive a fee or fees, and that for such service he claimed and collected fees higher or in excess of those

legally due him. In fact we gather from the averments of the indictment that, if appellant could be legally charged with any offense under this statute and on these facts, it would be that of wilfully collecting purported fees for services, which services he did not perform. In other words, it appears to us that there has been an attempt to charge appellant with the offense of collecting higher fees than allowed by law *as under the last* of the three divisions in article 365, and in the same indictment there is an attempt to charge him with a violation of the second offense set out in said article, viz., that of collecting fees for services not performed, and that neither is fully or sufficiently charged.

It seems clear that the indictment in this case fails to measure up to the requirements of article 405, C. C. P., which commands that the offense shall be charged in ordinary and concise language, in such manner as that a person of common understanding may know what is meant, and with that degree of certainty which will give the defendant notice of the particular offense with which he is charged. Being of opinion that the indictment does not charge with sufficient certainty and definiteness the offense of collecting higher fees than allowed by law, it follows that we have concluded that the trial court erred in not sustaining appellant's motion to quash.

The judgment will be reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*